**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Cortez Byrd and Simmons Lumber Company, S.A.,

Plaintiff/ Judgment Creditors,

v.

Corporacion Forestal y Industrial de Olancho, S.A. (Corfino), William E. Simmons, III, Carl Swan, Israel Pacheco, Alberto Figueroa, John Pearson, Myra Berlioz, Oscar Alvarenga, and Maderas de Exportacion, S.A.,

Defendants/Judgment Debtors.

Civil No. 1:12-rj-00004

**PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION**

Swan Energy, Inc. ("Swan Energy") and Plaintiffs/Judgment Creditors Cortez Byrd and Simmons Lumber Company, S.A. (collectively "Byrd"), through counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as ground therefore, state the following:

1. Swan Energy, a third party, was served by Byrd with a subpoena *duces tecum* on August 22, 2012 (the "Subpoena").

2. On August 31, 2012, Swan Energy filed a motion to quash the Subpoena. At a hearing on October 17, 2012, the Court denied Swan Energy's motion to quash and Ordered Swan Energy to produce all documents responsive to the Subpoena on or before November 16, 2012. On November 13, 2012, Byrd received six (6) documents from Swan Energy not previously provided by Swan Energy. On November 19, 2012, Byrd transmitted a letter to Swan Energy

Exhibit A

detailing deficiencies in its document production. On November 27, 2012, Byrd and Swan Energy entered into a letter agreement under which Swan Energy agreed to produce additional documents and information to Byrd and Byrd agreed, if Swan Energy complied with their letter agreement, to not seek to have the Court hold Swan Energy in contempt for failing to comply with the Court's October 17, 2012, Order. Pursuant to the letter agreement, Byrd and Swan entered into this Confidentiality Stipulation and agreed to jointly move the Court for this Protective Order.

3. Swan Energy asserts that certain additional documents and information to be produced to Byrd pursuant to their letter agreement (hereinafter "Confidential Information") could result in significant injury to Swan Energy's business or privacy interest should that information be disclosed with the benefit of this Protective Order. The Parties have entered into this Stipulation and request the Court to enter this Protective Order for the purposes of preventing the disclosure and use of Confidential Information except as set forth herein.

4. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

5. "Confidential Information" means any and all documents to be provided by Swan Energy to Byrd pursuant to their November 27, 2012, letter agreement.

6. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document produced;

b. By imprinting the word "Confidential" next to or above any response to a discovery request.

7. All Confidential Information provided by Swan Energy in Response to this Subpoena or transcribed testimony shall be subject to the following restriction:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any person described in Paragraph 7, in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

8. Notwithstanding paragraph 3, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to person with prior knowledge of the documents or the Confidential Information contained therein, and their agents; and to Court officials involved in this litigation (including court reporters, persons operation video recording equipment and depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

a. To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

b. Before disclosing stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days advance notice in writing to the counsel who designated

such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposed of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosures should not be permitted.

9. Individuals authorized to review Confidential Information pursuant to the Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

10. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

11. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 9 above upon showing of substantial need in order to establish the source of an authorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the court.

12. Subject to the Federal Rules of Evidence, stamped confidential documents and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

13. Review of the confidential documents and information by counsel, experts or consultants for the litigants in the litigation shall not waive the confidentiality of the documents of objections to production. The inadvertent, unintentional, or *in camera* disclosure of confidential document an information shall not, under any circumstances, be deemed a waiver, in whole or part, of any party's claims of confidentiality.

14. In another Court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

15. If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designation the document.

16. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made the therefrom pursuant to the Protective Order.

17. If opposing counsel objects to the designation of certain information as Confidential Information, he or shall promptly inform the other parties' counsel in writing of the specific grounds for objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information from the time it is produced until the ruling by the Court on the motion. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

**This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on Civil Action No. 1:12-rj-00004.** Any pleadings or briefs filed by the parties that either quote or discuss the contents of the information designated as Confidential Information shall also be filed in sealed form.

18. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

19. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 7(b).

20. Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. (For Purposes of this the term "this litigation" includes other related litigation in which the producing person or company is a party.)

21. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of the Protective Order.

22. By agreeing to the entry of the Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

23. Upon termination of the litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extract, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 7 herein, and counsel shall provide the Court with verification that any of counsel's work products referencing Confidential Information has been destroyed.

24. Nothing this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado this 16TH day of January 2013.

BY THE COURT:

U.S. District Magistrate Judge
Craig B. Shaffer

**PROTECTIVE ORDER TENDERED FOR REVIEW:**

**Law offices of Charles H. Camp, P.C.**

By:
Charles Camp
1025 Thomas Jefferson Street, NW
Suite 115G
Washington, DC 20007
Tel 202.457.7786
Fax 202.457.7788

**ATTORNEYS FOR JUDGMENT CREDITORS CORTEZ BYRD AND SIMMONS LUMBER CO., S.A.**

**Inderwish & Bonifazi, P.C.**

By:
Dan Bonifazi
12150 E. Briarwood Ave.
Suite 200
Centennial, CO 80112
Tel 720.208.0111
Fax 720.208.0130

**ATTORNEYS FOR SWAN ENERGY, INC.**